# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DJO, LLC, a Delaware corporation,<br><br>                                  Plaintiff,<br>  vs.<br><br>VITALWEAR, INC., a California corporation,<br><br>                                  Defendant. | CASE NO. 09cv2872-LAB (NLS)<br><br>**ORDER GRANTING MOTION TO STAY** |

## I. FACTUAL BACKGROUND

DJO and VitalWear are competitors in the thermal therapy business. On December 22, 2009, DJO filed an infringement action against VitalWear, alleging that VitalWear's products infringe DJO's United States Patent No. 5,865,841 (the "'841 patent") and United States Patent No. 5, 980, 561 (the "'561 patent"). On July 6, 2010, VitalWear moved to stay discovery in this action pending the results of a reexamination of the validity of the '841 and '561 patents by the United States Patent Office ("PTO"). That reexamination is currently underway.

## II. LEGAL STANDARD

A court has the inherent power to stay a patent infringement action pending conclusion of PTO reexamination proceedings. *Ethicon, Inc. v. Quigg*, 849 F.2d 1422, 1426-27 (Fed. Cir. 1988). "The decision whether to grant or deny a motion to stay proceedings pending PTO reexamination rests within the sound discretion of the court." *SKF Condition Monitoring, Inc. v. SAT Corp.*, No.

07CV1116, 2008 WL 706851 at *6 (S.D.Cal February 27, 2008). There is a "liberal policy" in favor of granting motions to stay. *ASCII Corp. v. STD Entertainment USA*, Inc., 844 F.Supp. 1378, 1381 (N.D.Cal. 1994).

**III.  DISCUSSION**

Courts consider three factors when evaluating the propriety of a stay: "(1) the stage of litigation, i.e., whether discovery is almost complete and whether a trial date has been set; (2) whether a stay would cause undue prejudice or present a clear disadvantage to the non-moving party; and (3) whether a stay will simplify the issues in question and trial of the case." *SKF Condition Monitoring*, 2008 WL 706851 at *6 (citing *Xerox Corp. v. 3Com Corp.*, 69 F.Supp.2d 404, 406 (W.D.N.Y. 1999)).

### A.  The Stage of Litigation

This case is young. No scheduling order has been entered, no discovery has been taken, and no substantive work has been performed by the parties or the Court. DJO agrees the case is in an early stage of litigation, but claims "every day of delay in resolving this suit results in further damage to DJO's cold therapy business and market share." (Doc. No. 31, pp. 17–18.) The Court discounts this claim, however, because DJO has been aware of VitalWear's allegedly infringing products since 2004, but did not file an infringement suit until December 2009. The stage of litigation in this case weighs in favor of granting the stay.

### B.  Undue Prejudice to DJO

DJO alleges it would be prejudiced by a stay because it would be unable to enforce its patents against VitalWear or other potential infringers during the stay, and it would suffer a permanent loss of market share.

The Court disagrees. As VitalWear points out, DJO did a billion dollars in sales in 2009, and only 13 million came from the product incorporating the '841 and '561 patents. From that 13 million, DJO has not alleged a significant loss.

Additionally, if DJO is eventually successful in its infringement suit, VitalWear will owe monetary damages that reflect DJO's losses, thus eliminating any prejudice. *See Emhart Indus., Inc. v. Sankyo Seiki Mfg.*, No. 85C7565, 1987 WL 6314 at *2 (N.D. Ill. Feb. 2, 1987) (granting stay where money damages would be sufficient to compensate patentee for any alleged infringement during stay).

Finally, even if waiting for the reexamination to conclude will delay the prosecution of DJO's infringement claims, "the delay inherent in the reexamination process 'does not constitute, by itself, undue prejudice.'" *SKF Condition Monitoring* 2008 WL 706851 at *6 (citing *Photoflex Products, Inc. v. Circa 3 LLC*, No. C04-03715, 2006 WL 1440363 at *2 (N.D. Cal. May 24, 2006)).

**C. Simplifying the Issues and Streamlining the Trial**

DJO argues that the reexamination proceedings will not simplify the issues or streamline the trial because in the majority of cases at least one patent claim survives the reexamination unaltered. Additionally, DJO is confident that its patents will not be cancelled during examination, and even if its claims are narrowed, VitalWear's products will still infringe the narrowed claims.

This is too conclusory for the Court's comfort. Even if DJO is correct that one or more claims will survive reexamination unaltered, neither the parties nor the Court can predict which claims, if any, will be cancelled, which will be amended, and which will emerge unscathed. Without a stay, litigation is likely to be duplicative, especially considering that any claims that *are* cancelled by the PTO will not have to be litigated at all. Secondly, the disputes DJO raises over whether the prior art is cumulative and whether VitalWear's products will still infringe on narrowed DJO claims are precisely the types of disputes that the PTO is better equipped to resolve. If the PTO decides the prior art references are cumulative, as DJO predicts, the issues for trial will still be simplified.

The Court believes that allowing the PTO to reexamine the '841 and '561 patents in light of the prior art before proceeding with litigation will simplify the issues and streamline the case for trial. As explained by the Federal Circuit, "[o]ne purpose of the reexamination procedure is to eliminate trial of [the issue of patent claim validity] (when the claim is canceled) or to facilitate trial of that issue by providing the district court with the expert view of the PTO (when a claim survives the reexamination proceeding)." *Gould v. Control Laser Corp.*, 705 F.2d 1340, 1342 (Fed. Cir. 1983). In *Broadcast Innovation, L.L.C. v. Charter Communications, Inc.*, No. 03CV2223, 2006 WL 1897165 200 (D.Colo. July 11, 2006), the court explained that shifting the patent validity issue to the PTO has many advantages, including:

    1.   All prior art presented to the Court will have been first considered by the PTO, with its particular expertise.

    2.   Many discovery problems relating to prior art can be alleviated by the PTO

examination.

3. In those cases resulting in effective invalidity of the patent, the suit will likely be dismissed.

4. The outcome of the reexamination may encourage a settlement without the further use of the Court.

5. The record of reexamination would likely be entered at trial, thereby reducing the complexity and length of the litigation.

6. Issues, defenses, and evidence will be more easily limited in final pretrial conferences after a reexamination.

7. The cost will likely be reduced both for the parties and the Court.

*Broadcast Innovation*, 2006 WL 1897165 2006 at *3. These benefits certainly apply to the case at hand.

## IV. CONCLUSION

For the foregoing reasons, the Court **GRANTS** VitalWear's Motion to Stay. VitalWear should notify the Court when the reexamination has concluded and this litigation can proceed. If it has not concluded and shows no signs of concluding by November 1, 2011, the Court may be inclined to lift the stay at that time and press on with the litigation of this case.

**IT IS SO ORDERED**.

DATED: October 14, 2010

*Larry A. Burns*

**HONORABLE LARRY ALAN BURNS**
United States District Judge